UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD M. LABORIO,<br>JONATHAN FRAIMAN,<br>MATTHEW K. LAZAR,<br>ENVIT CAPITAL, LLC,<br>ENVIT CAPITAL GROUP, INC.,<br>ENVIT CAPITAL HOLDINGS, INC.,<br>ENVIT CAPITAL PRIVATE WEALTH<br>  MANAGEMENT, LLC,<br>ENVIT CAPITAL MULTI STRATEGY MIXED<br>  INVESTMENT FUND I LLP,<br>AETIUS GROUP, PLC, and<br>AETIUS GROUP, LLC, ET AL.,<br><br>Defendants. | C.A. No. 1:12-cv-11489-PBS |

### [PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS ENVIT CAPITAL, LLC; ENVIT CAPITAL GROUP, INC.; ENVIT CAPITAL HOLDINGS, INC.; ENVIT CAPITAL PRIVATE WEALTH MANAGEMENT, LLC; ENVIT CAPITAL MULTI-STRATEGY MIXED INVESTMENT FUND I LP; AETIUS GROUP, PLC; AND AETIUS GROUP, LLC

The Securities and Exchange Commission ("Commission") having filed a Complaint, and Defendants Envit Capital, LLC ("Envit LLC"), Envit Capital Group, Inc. ("Envit Group"), Envit Capital Holdings, Inc. ("Envit Holdings"), Envit Capital Private Wealth Management, LLC ("Envit Wealth"), Envit Capital Multi Strategy Mixed Investment Fund I LP ("Envit Fund"), Aetius Group, PLC ("Aetius PLC"), and Aetius Group, LLC ("Aetius LLC") having failed to answer, plead or otherwise defend in this action, a default having been entered against them on

March 5, 2014, the Court having considered the Commission's motion for entry of default judgment and all the pleadings and evidence submitted in support thereof; and the Court having determined that none of the Defendants are an infant, incompetent person or in the military service of the United States:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Envit LLC, Envit Group, Envit Holdings, Envit Wealth, Envit Fund, Aetius PLC, and Aetius LLC and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Envit LLC, Envit Group, Envit Holdings, Envit Wealth, Envit Fund, Aetius PLC, and Aetius LLC and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Envit LLC, Envit Group, Envit Holdings, Aetius PLC, and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any

means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Envit Wealth and each of its agents, servants, employees, attorneys, and all persons in active concert or participation with it who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-6(1), 80b-6(2), 80(b)-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by using any means or instrumentality of interstate commerce:

(a)  to employ any device, scheme, or artifice to defraud any client or prospective client;

(b)  to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

(c)  to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Envit Fund and Aetius LLC, and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 7(a) of the Investment Company Act of 1940 [15 U.S.C. §80a-7(a)] by making use of the means or instruments of interstate commerce to induce or attempt to induce the purchase or sale of a security while not registered as an investment company.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Envit LLC, Envit Group, Envit Holdings, Envit Wealth, Envit Fund, Aetius PLC, and Aetius LLC are jointly and severally liable, along with Defendant Edward M. Laborio, for disgorgement in the amount of $4,109,697, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $896,892, for a total of $5,006,590. In addition, Envit LLC, Envit Group, Envit Holdings, Envit Wealth, Envit Fund, Aetius PLC,

and Aetius LLC are each individually liable for a civil penalty in the amount of $ 4,700,000 pursuant to Section 20(d)(2) of the Securities Act, Section 21(d)(3) of the Exchange Act, Section 209(e) of the Advises Act, and/or Section 42(e) of the Investment Company Act [15 U.S.C. §77t(d)(2); §78u(d)(3); §80b-9(e); §80a-41(e)]. Defendants shall satisfy these obligations by paying the monies to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Envit LLC, Envit Group, Envit Holdings, Envit Wealth, Envit Fund, Aetius PLC, or Aetius LLC as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants. The Commission shall send the funds paid pursuant to

this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for civil penalties, disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _n 18th_, 2014

_____
UNITED STATES DISTRICT JUDGE